# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

State of California, *et al.*,

        Plaintiffs-Appellees,

v.

United States Bureau of Alcohol, Tobacco, Firearms & Explosives, *et al.*,

        Defendants-Appellants.

No. 24-2701

## UNOPPOSED MOTION TO PLACE APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully moves to have this appeal held in abeyance pending the Supreme Court's decision in *Garland v. VanDerStok*, No. 23-852 (U.S.), *cert. granted*, 2024 WL 1706014 (Apr. 22, 2024). The Court in *VanDerStok* will hear a challenge to the rule issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) that is also the subject of this suit. Plaintiffs do not oppose this motion.

**1.** Through the Gun Control Act of 1968, *codified as amended*, 18 U.S.C. § 921 *et seq.*, Congress has enacted requirements for persons who import, manufacture, or deal in "firearms," *id.* §§ 922-923. Such persons must obtain a federal firearms license, *id.* § 923(a), maintain records of firearm acquisition and disposition, *id.* § 923(g)(1)(A), and conduct a background check before transferring firearms to a non-licensee, *id.*

§ 922(t). Congress has also required importers and manufacturers to identify each firearm they import or manufacture with a serial number on the frame or receiver. *Id.* § 923(i).

The statutory scheme hinges on the definition of "firearm." Congress defined that term as follows:

> The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

18 U.S.C. § 921(a)(3).

In April 2022, ATF promulgated a Rule that, as relevant here, provided updated regulatory definitions for purposes of this statutory scheme. *See Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022); *see also* 87 Fed. Reg. 51,249 (Aug. 22, 2022) (technical corrections). The Rule clarifies that frames and receivers that are partially complete, disassembled, or nonfunctional (such as a frame or receiver parts kit) constitute frames or receivers under the statute if they are "clearly identifiable as an unfinished component part of a weapon" and if they are designed to function as a frame or receiver or may readily be converted to a functional state. 87 Fed. Reg. at 24,663, 24,727-28, 24,739; *see* 27 C.F.R. § 478.12(c). The manufacture and sale of such frames or receivers is therefore subject to federal licensing, background check, and recordkeeping requirements. In addition, the Rule

2

articulates eight factors relevant in determining whether an assembly process may be "readily" performed.

The Rule also provides examples of particular products that can, or cannot, readily be converted into functional frames and receivers. As especially relevant here, the Rule concludes that certain unindexed AR-15-style receiver blanks cannot "readily" be converted into functional receivers so long as they are not sold with templates or other tools.

Plaintiffs in this suit challenge the Rule's conclusion that standalone AR-15 blanks are not regulated receivers. The district court granted summary judgment to plaintiffs on their claims that ATF failed to adequately explain that determination in the Rule and in subsequent implementing actions. The government has now appealed that grant of summary judgment.

**2.** Plaintiffs in *Garland v. VanDerStok*, No. 23-852 (U.S.), brought suit in the Northern District of Texas to challenge the same Rule. But unlike plaintiffs here, they contend that the relevant provisions of the Rule reach too many, not too few, partially complete frames and receivers and that those provisions should be set aside in their entirety. In November 2023, the United States Court of Appeals for the Fifth Circuit affirmed in relevant part the grant of summary judgment to the plaintiffs. *See VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023). That court held that in defining "frame or receiver" to include certain partially complete frames and receivers, the Rule was inconsistent with the statute. *See id.* at 188-90.

The United States filed a petition for a writ of certiorari with the Supreme Court, seeking review of the Fifth Circuit's decision. On April 22, 2024, the Supreme Court granted that petition. *See VanDerStok*, 2024 WL 1706014 (U.S. Apr. 22, 2024).

**3.** The government respectfully requests that this Court hold this appeal in abeyance pending the Supreme Court's decision in *VanDerStok*. Plaintiffs in *VanDerStok* assert that the provisions of the Rule at issue in this case are invalid. The Supreme Court's decision in *VanDerStok* is thus likely to provide substantial guidance as to the appropriate construction of the relevant statutory provisions and the extent to which the Rule correctly implements those provisions. Placing this appeal in abeyance pending that decision will thus best preserve the resources of the Court and the parties.

**4.** Plaintiffs' counsel have indicated that plaintiffs do not oppose this motion.

        Respectfully submitted,

        MARK B. STERN

        *s/ Sean R. Janda*
        SEAN R. JANDA
         *Attorneys, Appellate Staff*
         *Civil Division, Room 7260*
         *U.S. Department of Justice*
         *950 Pennsylvania Avenue NW*
         *Washington, D.C. 20530*
         *(202) 514-3388*

May 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 782 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda
