IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

State of California, *et al.*,

                Plaintiffs-Appellees,

v.

United States Bureau of Alcohol, Tobacco, Firearms & Explosives, *et al.*,

                Defendants-Appellants.

No. 24-2701

**REPLY IN SUPPORT OF MOTION FOR FURTHER RELIEF**

Pursuant to Federal Rule of Appellate Procedure 27, the federal government submits this reply in support of its motion to vacate the judgment and remand this case to district court in light of recent Supreme Court decisions that may bear on the case's appropriate resolution.

**1.** As the government explained in its motion, there have been two intervening legal developments since the district court's granting of summary judgment in this case that warrant remand so that the district court can consider the effects of those developments in the first instance.

First, in *Bondi v. VanDerStok*, No. 23-852 (U.S. Mar. 26, 2026), the Supreme Court rejected a facial challenge to the ATF Rule governing whether incomplete frames and receivers qualify as statutory "firearms" under the Gun Control Act. In

the course of rejecting that challenge, the Supreme Court discussed at length the proper construction of the relevant statutory provisions and their application to some particular products. The district court did not have the benefit of that discussion when it evaluated the reasonableness of ATF's explanation for why AR-15 blanks do not, standing alone, qualify as "firearms" under the statute. *See* Mot. 4-6.

Second, in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), the Supreme Court rejected a diversion-of-resources theory of standing, explaining that plaintiffs may not "spend [their] way into standing simply by expending money" to combat—or "divert[ing] [their] resources in response to"—the government's alleged under-regulation of third parties. *Id.* at 394-95. Again, the district court did not have the benefit of that decision when it determined that plaintiffs' similar theories gave them standing in this case. *See* Mot. 6-7.

In light of those intervening developments, this Court should vacate the district court's judgment and remand for additional proceedings. That court has not yet had the opportunity to consider the effect of those developments on this case. Consistent with this Court's role as "a court of review, not of first view," *Keleta v. Barr*, 814 F. App'x 268, 270 (9th Cir. 2020) (quotation omitted), it would be appropriate to provide the district court with that opportunity. That course is particularly appropriate in this case, where the parties and the Court have not yet invested substantial resources in this appeal and there is thus little cost to remanding at this juncture.

Indeed, less than two weeks ago, this Court vacated a district court's judgment and remanded based on similar intervening developments—even though the parties had already briefed and argued the case on the merits in this Court. *See East Bay Sanctuary Covenant v. Trump*, No. 23-16032 (9th Cir. Apr. 10, 2025). There, this Court explained that the Supreme Court's decision in *Alliance for Hippocratic Medicine* had "provided new guidance on how organizations may establish standing to sue on their own behalf" and that "the district court should address" the impact of that decision "in the first instance" because "the parties and the district court did not have the benefit of" it when judgment had previously been entered. *Id.* at 7-8. A similar course is appropriate here.

**2.** In response, plaintiffs do not dispute many of those points. They recognize that this Court may appropriately remand an appeal when intervening factual or legal developments should be addressed by the district court in the first instance. *See* Resp. 6. They do not dispute that *VanDerStok* contains extensive discussion of the proper construction of the substantive statutory provisions that are relevant to this case and that the district court did not have the benefit of that analysis in holding that ATF inadequately explained its conclusion that AR-15 blanks are not, standing alone, regulated receivers. Resp. 7-8. Nor do plaintiffs dispute that *Alliance for Hippocratic Medicine* contains substantial discussion that may be relevant to the appropriate standing analysis here, at least as to the organizational plaintiff. Resp. 8-12. And

3

nowhere do plaintiffs assert that remanding at this early juncture would result in any prejudice to them.

Plaintiffs have a different view of how *VanDerStok* and *Alliance for Hippocratic Medicine* bear on their claims. For example, plaintiffs primarily contend that *Alliance for Hippocratic Medicine* does not bear on California's standing in particular because—in plaintiffs' view—the Supreme Court's analysis "pertain[s] only" to "organizational plaintiffs." Resp. 10. To the contrary, the Court in that case made clear that its analysis reflected an application of the "usual standards" for Article III standing that all litigants—organizations or not—must satisfy. *Alliance for Hippocratic Med.*, 602 U.S. at 393-94. Applying those usual principles, the Court made clear that no litigant may "manufacture its own standing" by spending funds or diverting resources "in response a defendant's actions." *Id.* at 394-95. As the government has explained (at Mot. 3), that is precisely the nature of California's primary theory of standing in this case: California asserts that, as a result of ATF's actions in not regulating standalone AR-15 blanks, California will choose to expend additional funds on "policing and law enforcement." Dkt. No. 207, at 14.

But more importantly, plaintiffs' substantive arguments about the effect of those decisions miss the point. Regardless of whether plaintiffs are correct in their understanding of those decisions, they do not (and cannot) deny that both decisions contain analysis that may be relevant to the proper disposition of this case. Indeed, plaintiffs' extended discussion of those decisions (at 7-12) only highlights that they

4

raise contested issues the district court did not have an opportunity to address and should decide in the first instance.

                    Respectfully submitted,

                    COURTNEY L. DIXON

                    *s/ Sean R. Janda*
                    SEAN R. JANDA
                      *Attorneys, Appellate Staff*
                      *Civil Division, Room 7260*
                      *U.S. Department of Justice*
                      *950 Pennsylvania Avenue NW*
                      *Washington, D.C. 20530*
                      *(202) 514-3388*

April 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this reply complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 911 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda
