IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

State of California, *et al.*,

        Plaintiffs-Appellees,

v.

United States Bureau of Alcohol, Tobacco, Firearms & Explosives, *et al.*,

        Defendants-Appellants.

No. 24-2701

**CONSENT MOTION FOR EXTENSION OF TIME
TO FILE OPENING BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b), the federal government respectfully moves for a 30-day extension of time in which to file its opening brief in this appeal. Counsel for plaintiffs have indicated that plaintiffs consent to this motion. In support of this motion, the government states the following:

**1.** Through the Gun Control Act of 1968, *codified as amended*, 18 U.S.C. § 921 *et seq.*, Congress has enacted requirements for persons who import, manufacture, or deal in "firearms," *id.* §§ 922-923. Such persons must obtain a federal firearms license, *id.* § 923(a), maintain records of firearm acquisition and disposition, *id.* § 923(g)(1)(A), and conduct a background check before transferring firearms to a non-licensee, *id.* § 922(t). Congress has also required importers and manufacturers to identify each

firearm they import or manufacture with a serial number on the frame or receiver. *Id.* § 923(i).

In April 2022, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) promulgated a Rule that, as relevant here, provided updated regulatory definitions for purposes of this statutory scheme. *See Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022); *see also* 87 Fed. Reg. 51,249 (Aug. 22, 2022) (technical corrections). As relevant here, the Rule concludes that certain unindexed AR-15-style receiver blanks are not "firearms" under the statute so long as they are not sold with templates or other tools.

Plaintiffs in this suit challenge the Rule's conclusion that AR-15 blanks are not, standing alone, regulated firearms. The district court granted summary judgment to plaintiffs on their claims that ATF's determination regarding AR-15 blanks—in the Rule and in subsequent implementing actions—was inadequately explained. The government has now appealed that grant of summary judgment.

**2.** The government's opening brief in this appeal is currently due, following one streamlined request for an extension of time, on July 30, 2025. The government respectfully requests that this deadline be extended by 30 days, to and including August 29, 2025. The requested extension is necessary in light of counsel's other appellate deadlines.

Sean R. Janda is the attorney with principal responsibility for preparing the government's brief in this case. Mr. Janda has recently been occupied with, and has

2

ongoing responsibility for, a number of other pressing matters, including *Gun Owners of America v. Department of Justice*, No. 24-1881 (6th Cir.) (response brief filed June 23); *Arizona Alliance for Retired Americans v. Mayes*, No. 22-16490 (9th Cir.) (en banc) (oral argument held June 25); *Global Health Council v. Trump*, Nos. 25-5097, 25-5098 (D.C. Cir.) (oral argument held July 7); *Sustainability Institute v. Trump*, No. 25-1575 (4th Cir.) (expedited reply brief due July 14); and a number of additional internal matters.

The attorney with principal supervisory responsibility for this matter, Courtney L. Dixon, also has supervisory responsibilities on a number of other ongoing appellate matters, including *Navarro v. Center for SafeSport*, No. 25-1150 (4th Cir.) (intervenor brief filed June 23); *Commonwealth of Massachusetts v. NIH*, No. 25-1343 (reply brief filed July 1); *Smith v. FINRA*, No. 24-3907 (6th Cir.) (response brief due July 10); *AFGE v. OPM*, Nos. 25-1677, 25-2637 (9th Cir.) (reply brief due July 11); *Texas Medical Ass'n v. HHS*, No. 23-40605 (5th Cir.) (en banc supplemental brief due July 14); *Alpine Securities Corp. v. National Securities Clearing Corp.*, No. 25-4050 (10th Cir.) (response brief due July 23); *Ream v. Department of Treasury*, No. 25-3259 (6th Cir.) (response brief due July 24).

3

**3.** Plaintiffs' counsel have indicated that plaintiffs consent to this motion.

        Respectfully submitted,

        COURTNEY L. DIXON

        *s/ Sean R. Janda*
        SEAN R. JANDA
         *Attorneys, Appellate Staff*
         *Civil Division, Room 7260*
         *U.S. Department of Justice*
         *950 Pennsylvania Avenue NW*
         *Washington, D.C. 20530*
         *(202) 514-3388*

July 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 581 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda